[No. 13726. Department Two.   May 8, 1917.]

F. R. COATES, *Respondent*, v. WILLIAM CARSE *et al.*,
*Appellants*.[1]

LANDLORD AND TENANT — LEASE — CONSTRUCTION — COMPENSATION UPON SALE. Under a lease reserving the right to sell the land, a provision that in case of sale the lessor shall pay the lessee $200 and expenses, and "upon said payment, the lessee agrees to surrender the premises," etc., the lessor is entitled to the $200 and expenses only in case he is required to surrender the premises, since the lessor is not required to terminate the lease upon a sale.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered June 1, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

[1]Reported in 164 Pac. 760.

*Clark & Lockhart,* for appellants.
*William M. Thompson,* for respondent.

Mount, J.—This action was brought by the plaintiff to recover from the defendants $276.82, under a lease. The case was tried to the court and a jury. At the close of the plaintiff's evidence, and at the close of all the evidence, the defendants moved the court for a directed verdict. These motions were denied, the case was submitted to the jury, and a verdict was returned for the full amount claimed in the complaint. The defendants have appealed.

The facts in the case are not in dispute. It appears that, on the 29th day of March, 1916, the appellants were the owners of twenty acres of land in Yakima county, which contained a bearing orchard. On that day, they leased the premises to the respondent. He immediately took possession under the lease. This lease provided, among other things, as follows:

"The said parties of the first part reserve the right to sell said land on or before August 1st, 1916, and in case of a sale being made, the said parties of the first part hereby agree to pay to the said party of the second part the sum of two hundred dollars ($200), together with a just and equitable price or sum of money for labor and money expended on said land and orchard by said party of the second part, and upon said payment the said party of the second part agrees to surrender to said parties of the first part peaceable possession of said land."

After the respondent had entered into possession of the land, and prior to August 1st, 1916, the appellants sold and conveyed the land to one Rankin. At the time of the sale, Mr. Rankin knew of the tenancy of the respondent. The respondent was not required to terminate the lease or surrender possession of the land. The respondent also knew of the sale to Mr. Rankin by the appellants. After the sale had been completed, and while the respondent was still in possession of the land, he made a demand upon Mr. Carse, one of the ap-

pellants, for the sum of $200, and for labor and expenses
which he had at that time put upon the land to the amount
of $76.82. The appellant refused to pay, and this action
was brought.

It is not claimed, either in the complaint or in the evidence,
that the respondent surrendered possession of the land to the
appellants, or that he was requested to do so. Under these
facts, it is clear that respondent was not entitled to recover,
and it was the duty of the court to direct a verdict in favor
of the appellants. The lease provides, as quoted above, that
the appellants reserve the right to sell the land before August
1st, 1916, and in case of such sale, then the appellants agree
to pay the respondent the sum of $200, together with a just
and equitable price for labor and money expended upon said
land, *and, upon said payment, the respondent "agrees to sur-
render to said parties of the first part peaceable possession of*
*said land."* It is plain from this provision of the contract
that the appellants agreed to pay the $200 and the expenses
only in case the land was sold and the respondent required to
surrender the possession of the land. The object of this pro-
vision clearly was to protect the respondent in case he had
expended money and labor upon the land, and, after such ex-
penditure, was dispossessed by reason of a sale. The lease
was executed in March. The appellants reserved the right
to sell the land up to August of that year. The work of
spraying the orchard, pruning it, irrigating it, and atten-
tions of that kind, would all be done between March and
August. The crop grown upon the orchard would not be
gathered until after August. This provision of the lease re-
quired that the appellants, if possession was taken from the
respondent before August, should pay him for his time and
expense, and $200 in addition thereto, to remunerate him for
his loss of the harvest in case of the surrender of possession.

It was clearly not the intention of the parties to the con-
tract that the respondent, in case of sale, would be entitled to
retain possession of the land, harvest his crop, and, in addi-

tion thereto, receive pay for his work and expenses and $200 additional. It is unreasonable to suppose that such a contract was contemplated. The terms of the contract are plain that the $200 and expenses, incurred between March and August, was for the surrender of the premises by the respondent to the appellants, and for no other purpose. Inasmuch as the respondent was not dispossessed of the premises, but was permitted to remain thereon, he was clearly not entitled to recover. The purchaser of the land knew of the tenancy, and, therefore, could not dispossess the tenant. The appellants could dispossess him only by complying with the terms of the lease, that is, by paying him for his labor and expense and $200 additional. No effort was made, either by the appellants or by the purchaser, to dispossess the respondent, and he was, therefore, not entitled to recover either his expenses or for his labor or the $200. He will be remunerated by his share of the crop under the lease.

The judgment is therefore reversed, and the cause remanded, with instructions to dismiss the action.

ELLIS, C. J., FULLERTON, PARKER, and HOLCOMB, JJ., concur.